UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE D. HEDRICK, | ) | Case No. 5:05CV1241 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | Magistrate Judge George J. Limbert |
| vs. | ) | |
| | ) | |
| CHRISTINE MONEY, Warden | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

On May 5, 2005, Petitioner George D. Hedrick (Petitioner), pro se, executed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 which was filed on May 11, 2005. Electronic Case Filing (hereinafter "ECF") Dkt. #1. On September 2, 2005, Respondent Christine Money, the Warden of the Marion Correctional Institution in Marion, Ohio where Petitioner is serving his sentence, filed a motion to dismiss Petitioner's federal habeas corpus petition as time-barred. ECF Dkt. #10. Petitioner filed a traverse and has also filed a motion for an evidentiary hearing. ECF Dkt. #12.

For the following reasons, the undersigned recommends that this Court GRANT Respondent's motion to dismiss Petitioner's federal habeas corpus petition as untimely and DENY Petitioner's motion for an evidentiary hearing. ECF Dkt. #s 10, 12.

I.  **FACTUAL AND PROCEDURAL HISTORY**

   A.  **State Proceedings**

       1.  **Trial Court**

The May 1997 Term of the Summit County Grand Jury indicted Petitioner on two counts

of rape by force or threat of force of a child under the age of thirteen in violation of Ohio Revised Code § 2907.02(A)(1)(b), two counts of gross sexual imposition of a child under the age of thirteen in violation of Ohio Revised Code § 2907.05(A)(4), and one count of gross sexual imposition by force or threat of force in violation of Ohio Revised Code § 2907.02(A)(1).  ECF Dkt. #10, Attachment 1.  After a plea agreement, the prosecutor moved to amend the two counts of rape in the indictment to the lesser included offenses of sexual battery and Petitioner entered guilty pleas to the sexual battery charges, as well as to the two gross sexual imposition charges and the count five charge of gross sexual imposition.  ECF Dkt. #10, Attachment 4.

On January 30, 1998, the Summit County Court of Common Pleas sentenced Petitioner to consecutive two-year terms on each of the five counts.  ECF Dkt. #10, Attachment 1, Exhibit B.  The trial court also found Petitioner to be a sexual predator.  *Id.*

### 2. Direct Appeal

On February 23, 1998, Petitioner, through counsel, timely appealed his convictions and sentences to the Ninth District Court of Appeals.  ECF Dkt. #10, Attachment 2, Exhibit C. Petitioner raised the following assignments of error in his appeal:

> 1. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT BY ALLOWING TWO MEMBERS OF THE VICTIM'S FAMILY TO ADDRESS THE COURT DURING THE VICTIM IMPACT STATEMENT AND COMMENT ON IRRELEVANT AND HIGHLY PREJUDICIAL MATTERS.
>
> 2. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY SENTENCING DEFENDANT TO CONSECUTIVE MAXIMUM PRISON TERMS ON EACH COUNT.

*Id.*  The State of Ohio filed an appellee brief and on February 9, 1999, the Ninth District Court

of Appeals issued an opinion addressing Petitioner's assignments of error and affirming the trial court's determinations. ECF Dkt. #10, Attachments 7-9, Exhibits D and E.

### 3. Rule 26(B) application

On February 24, 1999[1], Petitioner, pro se, filed a delayed application to reopen his appeal challenging the effectiveness of appellate counsel pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure. ECF Dkt. #10, Attachment 10, Exhibit F. On June 25, 1999, the appellate court granted Petitioner's Rule 26(B) application for reopening. ECF Dkt. #10, Attachment 11, Exhibit G. In his subsequently filed appellate brief, Petitioner, with counsel, contended that:

> 1. THE TRIAL COURT IN ACCEPTING PLEAS OF GUILTY WITHOUT ADVISING APPELLANT OF THE CONSTITUTIONAL RIGHTS BEING WAIVED BY ENTERING GUILTY PLEAS, AND WITHOUT DETERMINING THAT APPELLANT WAS WAIVING HIS CONSTITUTIONAL RIGHTS KNOWINGLY AND VOLUNTARILY.
>
> 2. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE ON HIS INITIAL APPEAL IN THE PRESENT CASE.

ECF Dkt. #10, Attachment 11, Exhibit H. On May 17, 2000, the appellate court sustained Petitioner's first assignment of error, finding that the trial court did not comply with the dictates of Ohio Criminal Rule 11(C)(2) because the court failed to inform Petitioner of the constitutional rights that he was waiving by entering guilty pleas. ECF Dkt. #10, Attachment 13, Exhibit J at 4. The appellate court also sustained Petitioner's second assignment of error, finding that appellate counsel's failure to raise the trial court's noncompliance with Ohio

---

[1] The undersigned notes that no docketing statement shows that Petitioner filed this application on February 24, 1999. However, both Petitioner and Respondent indicate that February 24, 1999 was indeed the date of filing. *See* ECF Dkt. #10 at 3; ECF Dkt. #11 at 1.

Criminal Rule 11(C)(2) as error on direct appeal constituted ineffective assistance of appellate counsel. *Id.* at 5. Accordingly, the appellate court reversed the judgment of the Summit County Court of Common Pleas and remanded the case for proceedings consistent with its opinion. *Id.* at 6.

### 4. Resentencing

On November 28, 2000, the trial court issued a journal entry indicating that Petitioner had been advised of all of his constitutional rights and all other rights addressed in Ohio Criminal Rule 11 and Petitioner entered guilty pleas to two counts of sexual battery and two counts of gross sexual imposition. ECF Dkt. #10, Attachment 14, Exhibit K. The court dismissed the count five count of gross sexual imposition upon recommendation by the prosecution. *Id*. The parties further stipulated that Petitioner would be designated a sexual predator and the court indicated that it would sentence Petitioner under the Senate Bill 2 Guidelines as the parties had stipulated . *Id*.

On December 1, 2000, the court found by clear and convincing evidence that Petitioner qualified for the sexual predator designation under Ohio law. ECF Dkt. #10, Attachment 14, Exhibit L. While no journal entry of the trial court's actual resentencing of Petitioner appears in the record before this Court, the criminal docket supplied by Respondent does show that on December 1, 2000, the trial court sentenced Petitioner pursuant to Senate Bill 2 Guidelines to consecutive two-year terms of imprisonment on each of the four counts to which Petitioner entered guilty pleas. ECF Dkt. #10, Attachment 15, Exhibit R at 2.

Petitioner filed no direct appeal of the trial court's resentencing.

### 5. Motion for Delayed Appeal Pursuant to Ohio App.R. 5

-4-

Rather, nearly four years later, on September 22, 2004, Petitioner filed a motion for delayed appeal in the Ninth District Court of Appeals. ECF Dkt. #10, Attachment 15, Exhibit M. In the barely legible[2] motion, Petitioner indicated that he was challenging his January 30, 1997 convictions and sentences. *Id.* Petitioner explained that he was unable to perfect his appeal as of right within a timely manner because his counsel failed to inform him of his right to appeal. *Id.* As assignments of error, Petitioner asserted that he was denied the effective assistance of trial counsel as counsel failed to advise him of his constitutional right to a predator classification hearing and counsel failed to investigate a potential claim pursuant to *Blakely v. Washington*. *Id.* Petitioner also contended that the trial court divested itself of jurisdiction by failing to sentence him within fifteen days after vacating its June 22, 2000 sentence. *Id.*

On September 29, 2004, the State responded to Petitioner's motion for delayed appeal, and on October 5, 2004, the appellate court dismissed the appeal. ECF Dkt. #10, Attachment 15, Exhibit O at 1. The appellate court found that if Petitioner intended to file a delayed appeal from the January 30, 1998 trial court judgment he was not entitled to do so because he had already perfected an appeal on this judgment and was not entitled to a second appeal. *Id.* The court further found that if Petitioner intended to file a delayed appeal from the December 1, 2000 trial court judgment, he had failed to specify sufficient reasons for failing to perfect a timely appeal. *Id.* The court further found that the sentencing entry indicated that the trial court had informed Petitioner of his right to appeal pursuant to Ohio Criminal Rule 32 and ignorance of the law was not an excuse for an untimely filing. *Id.*

---

[2] It does not appear that the motion is illegible due to any fault of Petitioner as it was Respondent who filed the copy of the motion to this Court.

On October 15, 2004, Petitioner, pro se, appealed the appellate court's denial of his Rule 5 application to the Ohio Supreme Court. ECF Dkt. #10, Attachment 15, Exhibit P. In his memorandum in support of jurisdiction, Petitioner raised the following propositions of law:

1. Appeals court should have not sua sponte dismiss[sic] appeal pursuant to appellant previously perfected an appeal as of right; therefore App.R.5(A) does not apply is plain error.

2. Trial court should have granted delayed appeal because trial court violated Sixth Amendment right to review by jury pursuant to *Blakely v. Washington, supra* and R.C. 2929.19.

3. Trial court lacked subject matter jurisdiction 12(B)(1) and 12(B)(6).

*Id*. On April 13, 2005, the Ohio Supreme Court declined Petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question. ECF Dkt. #10, Attachment 15, Exhibit Q.

### B. Federal Habeas Corpus

On May 5, 2005, Petitioner, pro se, executed a petition for a federal writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. That petition was filed in this Court on May 11, 2005. *Id*. In his petition, Petitioner asserts the following grounds for relief:

Ground One: Appeals Court should not have sua sponte dismiss[sic] appeal pursuant to appellant previously perfected an appeal as of right; therefore, App.R.5(a) does not apply and is plain error.

Supporting FACTS: Whether a trial court can dismiss a case sua sponte under Civ. R. 12(B)(1) and 12(B)(6) and App.R.5(A) where trial court lacked subject matter jurisdiction; where classification hearing and speedy trial rights violated 2929.19(B)(2); 2929.19(B)(3)(e) and 2967.28(B) since United States s[sic]upreme Court has decided Blakely v. Washington supra Plain error 52(B) Court speaks through its journal entries and Divested Jurisdiction.

Ground Two: Ineffective Assistance of Counsel and the Court failed to Appoint

-6-

> Counsel and provide a transcript pursuant to Supreme Court Precedents and Ohio General assembly, this issue was raised in reconsideration to Ohio Supreme Court.
>
> Supporting FACTS: O.R.C. 120.01 thur[sic] 120.55 appointment of counsel. The due process and equal protection require a state to provide an indigent defendant appointed counsel on a direct appeal from a felony conviction. The Ohio General assembly has rendered the State subject to the constitutional requirement and counsel in appellate proceedings, appeal not adjudicated in accordance with due process if the appellant does not have effective assistance of counsel the right ensures that appellant has a fair trial.
>
> Ground three: Trial court should have granted delayed appeal because trial court violated Sixth amendment Right to Review by Jury pursuant to Blakely Supra and 2929.19.
>
> Supporting FACTS: the determination of the predator classification was not in accordance with criminal statutes on fact finding in R.c 2929.19 and were not presented to a jury for determination and defendant was not given an evidentiary hearing to explain why he wish[sic] to withdraw plea on predator classification and defendant was denied confrontation on dairy[sic] of alleged victim, and counsel was ineffective and appeals court failed to appoint counsel.
>
> Ground four: Trial court Lacked subject Matter Jurisdiction 12(B)(1) and 12(B)(6).
>
> Supporting FACTS: Standard of review for dismissal for want of subject matter jurisdiction is whether any cause of action cognizable by the forum has been raised in the complaint, Civ. R. Prac. 12(B)(1) and speedy trial violation is subject matter jurisdiction issue and can be raised at any time, a state is constitutionally required to provide an effective remedy for vindicating the denial of a federal constitutional right.

*Id.*

On September 29, 2005, Respondent filed a motion to dismiss Petitioner's instant federal habeas corpus petition, arguing that the petition was barred by the AEDPA statute of limitations. ECF Dkt. #10. On September 22, 2005, Petitioner filed a traverse and filed a motion for an evidentiary hearing. ECF Dkt. #s 11, 12.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this Court's review of the instant matter because Petitioner executed his petition for habeas relief on May 5, 2005, well after the AEDPA's effective date of April 24, 1996. *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). A state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with a statute of limitations period set forth in 28 U.S.C. § 2244(d).

"The burden of proving that the statute of limitations has expired falls upon the party asserting the defense; in a habeas case, this burden thus falls on the government." *DiCenzi v. Rose,* 419 F.3d 493, 496 (6th Cir. 2005), citing generally *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). The AEDPA statute of limitations runs from the date on which the judgment of conviction becomes final on direct appeal or upon the expiration of the time for seeking direct review, but the statute is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8-10 (2000). The "tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). The one-year statute of limitations under Section 2244 is also subject to equitable tolling. *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir. 2001). The petitioner bears the ultimate burden of persuading the Court that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

**III.    ANALYSIS**

**A.     TIMELINESS**

A prisoner whose convictions became final after the effective date of the AEDPA generally has one year from the date that his convictions became final in order to file his federal habeas corpus petition with this Court.  28 U.S.C. § 2244(d)(1); *Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir.1999), *overruled on other grounds*, 530 U.S. 1257 (2000).  The limitation period begins to run from the latest of the four delineated dates detailed in 28 U.S.C. § 2244(d)(1).  *Id.*

In the instant case, the trial court journalized Petitioner's convictions and sentences on December 1, 2000 after resentencing him.  ECF Dkt. #10, Attachment #15, Exhibit R at 2.  Petitioner did not file a notice of appeal in the state appellate court within 30 days of his convictions as required by Rule 4 of the Ohio Rules of Appellate Procedure[3].  The Sixth Circuit Court of Appeals has held that for purposes of federal habeas corpus review, a state-court judgment becomes final when direct review by the state court ends or when the time to seek direct review expires, whichever comes later.  *Wilberger v. Carter,* 35 Fed. Appx. 111, 2002 WL 89671 (6th Cir. Jan.18, 2002), unpublished, citing *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999).  Petitioner's direct review therefore became final on December 31, 2000, when the time to directly appeal the trial court's judgment had expired.  Accordingly, Petitioner had one year from that date, or until December 31, 2001, in which to file his § 2254 federal habeas corpus petition in this Court.  28 U.S.C. § 2244(d)(1), *supra*.  Petitioner did not file his federal habeas corpus petition in this Court until May 5, 2005, well beyond the AEDPA one-year

---

[3] "*A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed* or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Ohio R. App. P. 4(a)(emphasis added).

limitation period. ECF Dkt. #1.

However, the tolling provision of AEDPA stays the one-year grace period for filing a federal habeas corpus petition during the time in which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). Pursuant to the terms of § 2244(d)(2), state court petitions and applications must be both "pending" and "properly filed" in order to toll the AEDPA's one-year period of limitation. 28 U.S.C. § 2244(d)(2); *see also Thomas v. Johnson*, No. 99-3628, 211 F.3d 1270 (Table), 2000 WL 553948 at *2 (6th Cir. Apr. 28, 2000), citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). That is, if a state petition or application is filed following the expiration of the period of limitation, it cannot possibly toll the period because there is "no period remaining to be tolled." *Webster*, 199 F.3d at 1259. In addition, the state petition or application must concern the federally cognizable claim that the petitioner is raising in his instant federal habeas corpus petition. *Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999). Further, the Sixth Circuit Court of Appeals has recently held that a properly filed, pending and cognizable state post-conviction or other collateral filing tolls the AEDPA one-year grace period from the date of the filing of the state relief until the conclusion of the time for seeking certiorari in the United States Supreme Court, even if the petitioner has not filed a petition for said certiorari. *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003).

In the instant case, the one-year AEDPA grace period began running on January 2, 2001, the day after the last day on which Petitioner could have timely filed his direct appeal to the Ohio appellate court after excluding the January 1, 2001 date because it was a holiday.

*Wilberger,* 2002 WL 89671; *Austin*, 200 F.3d at 393; Ohio R. App. P. .4(a).  Petitioner made no relevant filings from January 2, 2001 until September 22, 2004 when he filed a motion for delayed appeal pursuant to Ohio Appellate Rule 5.  ECF Dkt. #10, Attachment #15, Exhibit M.  Rather than file a direct appeal in the Ohio appellate court, Petitioner waited nearly three and a half years later to make any further relevant filing in this case.  Hence, this September 2004 filing does not serve to toll the AEDPA statute of limitations clock because it was filed well beyond the expiration of the AEDPA period of limitation and therefore cannot possibly toll the one-year grace period because there is "no period remaining to be tolled."  *Webster*, 199 F.3d at 1259; *Hargrove v. Brigano,* 300 F.3d 717, 718 n. 1 (6th Cir.2002); *see also Jurado v. Burt,* 337 F.3d 638, 641 (6th Cir.2003).  The tolling provision does not revive a limitation period, but rather, "it can only serve to pause a clock that has not yet fully expired."  *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998).  The AEDPA clock had already expired in the instant case by the time that Petitioner had filed his motion for delayed appeal.

For these reasons, the undersigned recommends that the Court grant Respondent's motion to dismiss Petitioner's § 2254 federal habeas corpus petition and dismiss Petitioner's § 2254 federal habeas corpus petition with prejudice as untimely filed.

### B.  EQUITABLE TOLLING

The Court must also consider whether Petitioner is entitled to equitable tolling on his § 2254 federal habeas corpus petition.  The doctrine of equitable tolling may be invoked to toll the one- year limitations period applicable to § 2254 habeas corpus petitions.  *Dunlap v. United States*, 250 F.3d 1001, 1008-1009 (6th Cir. 2001).  "Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable

-11-

habeas petition if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citations omitted). It is Petitioner who bears the burden of establishing that he is entitled to the equitable tolling of the AEDPA statute of limitations. *Id.* Unless Petitioner can establish that he is actually innocent of the crime or he is entitled to equitable tolling, the Court should dismiss his federal habeas corpus petition with prejudice as time-barred.

In this Circuit, the standard to be applied to determine whether equitable tolling of a limitations period is appropriate is the five-part test set out in *Andrews v. Orr*, 851 F.2d 146,150 (6th Cir.1988). *Dunlap,* 250 F.3d at 1008-1009. This Court must consider the following factors: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a petitioner's reasonableness in remaining ignorant of the notice requirement. *Id.* The Sixth Circuit has held that "the doctrine of equitable tolling should be used sparingly" and is generally used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003)(citations and internal quotation marks omitted).

Applying the factors set forth in *Andrews, supra*, to the circumstances surrounding Petitioner's habeas corpus filing, the undersigned recommends that the Court find that Petitioner is not entitled to equitable tolling. Petitioner makes no assertion that he was unaware of the filing date for his federal habeas corpus petition. And Petitioner was not diligent in pursuing his rights in the state courts as he did not directly appeal his convictions and sentences after the resentencing and he failed to file any document in the state courts until nearly three and a half

years after his convictions. In addition, Petitioner neglected his time limitations in filing the instant federal habeas corpus petition and fails to explain how this negligence was "reasonable". Finally, the undersigned finds that prejudice would result to Respondent in litigating Petitioner's federal constitutional claims, given the length of time that has elapsed. **IV.**

**CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss Petitioner's §2254 federal habeas corpus petition with prejudice as time-barred and find that it is not subject to equitable tolling. ECF Dkt. #10. The undersigned further recommends that the Court DENY Petitioner's motion for an evidentiary hearing. ECF Dkt. #12.

                                     s/ George J. Limbert     3/8/06
                                     George J. Limbert
                                     United State Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).